FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 JUL 29  PM 3: 0

CLERK
SO. DIST. OF GA.

In The United States District Court

For the Southern District Of Georgia

Savannah Division

Kevin Humphrey,

    Petitioner,

vs.

Brain Owens, Commissioner,

Georgia Department of Corrections,

et.al.,

    Respondents.

Civil Action

No._____

CV413-182

28 U.S.C. 2241 & 2254

Habeas Corpus

Addendum

Petition For Writ of Habeas Corpus

Pursuant To 28 U.S.C. 2241  2254

    Comes now, Kevin Humphrey, Petitioner Pro se, in the above-styled action, and files this petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 & 2254, by stating and showing the court as follows:

1.

Jurisdiction

    This case challenges the conditions of Petitioner's probation and is in custody for purposes of 2241& 2254. See Jones V. Cunningham, 371 U.S. 23683 S.CT. 373, 9 L.Ed.2d285 ( 1963 ); Also see Jordon v. Attorney General, 424 F.3d 320, 325 n.6 ( 3d Cir. 2005 ). Indeed, in the criminal

1.

criminal context, an individual who is on parole or released on his or her own recognizance is deemed in custody because of the significant restrictions imposed on his or her freedom. See Jones , 371 U.S. 236,

83 S.CT. 373; Hensley v.Municipal Court ,411 U.S. 345, 93 S.CT.1571, 36 L.Ed.2d 294 ( 1973 ). Accord-

ingly, an individual, such as Petitioner, need not be incarcerated to be considered in custody for purposes of 2241.

A. Ground One.

The special conditions of Probation such as the Therapy classes, polygraph tests, and access to a computer are in violation to Petitioner's due process rights under the Sixth and Fourteenth Amendments to the United States Constitution. Also see O.C.G.A. 42-8-34.1(a).

B. Ground Two.

The Respondents Brain Owens, Commissioner and the Georgia Department of Corrections are violating Petitioner's Constitutional rights by failing to follow the provisions of O.C.G.A. 17-10-1 (a) 2. According to this statute it was the intent of the Georgia Legislature that probation supervision on all probationers shall [ terminate ] after (2) years of supervised probation, unless , upon [ notice ], a hearing and for good cause shown ( i.e., by the Respondents ) why probation should be extended beyond the two (2) years, by failing to do so is a flagrant violation of Petitioner's Constitutional rights to due process and equal protection of the laws under the Sixth and Fourteenth Amendments to the United States Constitution.

**Relief**

**Wherefore, Petitioner respectfully requests:**

A. That the Respondents be required to appear and answer the allegations of this petition.
B. That after full consideration this Court relieve Petitioner of the unconstitutional Restraint on his liberty by issuing a writ of habeas corpus.
C. That this Court declare Petitioner's conviction and sentences void because they have disregarded the intent of the Georgia Legislature and Petitioner's due process and equal protection rights and continue to be violated, and his probation should have been terminated after the first two (2) years.
D. That this Court, if necessary, grant an evidentiary hearing.
E. That this Court grant injunctive relief from unlawful restraint.
F. That this Honorable Court grant such other, further and different relief as it may deem just and proper, it is so prayed.

This ___29th___ day of ___July___, 2013.

Respectfully submitted,

*Kevin Humphrey*

Kevin Humphrey

Petitioner    Pro se

107 Sunshine ave., Lot 127

Savannah, Ga. 31405