IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEVIN HUMPHREY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:13-cv-452 (MTT) (CHW) |
| | : | |
| LATISHA YOUNG, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

In his petition for habeas corpus relief under 28 U.S.C. § 2254, Petitioner Kevin Humphrey seeks the termination of his 20-year probated sentence for a conviction of one count of child molestation. Respondent Latisha Young moves to dismiss Humphrey's petition as untimely pursuant to the 1-year limitations period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Because Humphrey's petition is untimely, it is **RECOMMENDED** that Respondent's Motion be **GRANTED**, and that Petitioner's petition be **DISMISSED**.

I. Procedural History

Petitioner pleaded guilty to one count of child molestation in the Houston County Superior Court on October 23, 2003. *See Humphrey v. Georgia*, 301 Ga.App. 877 (2009). "He was sentenced to 20 years of probation, with two years to be served in confinement in a probation detention center." *Id.*, at 878. The remainder of Petitioner's probated sentence was to be served "subject to various conditions." *Humphrey v. Owens*, 289 Ga. 721 (2011).

On June 22, 2009, while serving his probated sentence, Petitioner filed a motion to terminate the remainder of his probation under O.C.G.A. § 17-10-1(a)(2), which provides:

1

> Active probation supervision shall terminate in all cases no later than two years from the commencement of active probation supervision unless specially extended or reinstated by the sentencing court upon notice and hearing and for good cause shown . . . .

The sentencing court denied Petitioner's motion to terminate in July 2009, (Doc. 14-1, p. 49), and the Georgia Court of Appeals affirmed in December 2009. The Georgia Court of Appeals noted, in its opinion, that plain language of O.C.G.A. § 17-10-1(a)(2) indicates that the "*supervision* of probation, not probation itself, terminates after two years." *Humphrey v. Georgia*, 301 Ga.App. at 879. The Georgia Court of Appeals also noted that it was "under no duty to accept a construction . . . which [would] result in unreasonable consequences or absurd results not contemplated by the legislature." *Id.* (internal quotations omitted).

In October 2010, Petitioner filed a petition for writ of mandamus in the sentencing court, seeking "to compel a change from supervised to unsupervised probation; the termination of mandatory therapy sessions and polygraph tests; and the restoration of his access to computers." *Humphrey v. Owens*, 289 Ga. at 721. The sentencing court denied Petitioner's motion, and the Georgia Supreme Court affirmed, noting that Petitioner "ha[d] access to the remedy of habeas corpus," and that he therefore could not demonstrate a right to mandamus relief. *Id.* at 722.

In October 2011, Petitioner filed a petition for state habeas relief in the Houston County Superior Court. (Doc. 14-1, pp. 5–9). In his state habeas petition, Petitioner argued, among other things, that "Respondent Brian Owens, Commissioner, and the Georgia Department of Corrections are violating Petitioner's Constitutional rights to due process by failing to follow the provisions of O.C.G.A. 17-10-1(a)(2) to remove Petitioner from supervised to unsupervised probation, in violation of the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. 14-1, p. 7); *see also* (Doc. 14-1, pp. 21, 33–34). Petitioner's state habeas

petition was ruled "late" by the state habeas court on May 9, 2012, (Doc. 14-1, p. 54), and the Georgia Supreme Court denied an application for certificate of probable cause to appeal on January 7, 2013. (Doc. 14-2, p. 1).

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for federal habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). As Respondent notes, the applicable timeliness provision in this case is 28 U.S.C. § 2244(d)(1)(D), which provides that AEDPA's limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." At the latest, Petitioner should have been aware of the factual predicate underlying the instant habeas petition on November 14, 2005, when Petitioner signed a "conditions of probation" form detailing the probation he now challenges. (Doc. 14-1, pp. 37–39). As a result, AEDPA's limitations period closed on November 14, 2006, and the instant habeas petition is untimely.

Although District Courts may equitably toll AEDPA's limitations period in certain circumstances, *see Holland v. Florida*, 560 U.S. 631, 645, 649 (2010), Petitioner does not argue that he is entitled to equitable tolling, and the record would not support such an argument. Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 12) be **GRANTED**, and that the instant Petition be **DISMISSED** as untimely. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final

order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of January 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
