IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEVIN HUMPHREY,            )
                           )
         Petitioner,       )
                           )
    v.                     )   CIVIL ACTION NO. 5:13-CV-452 (MTT)
                           )
LATISHA YOUNG,             )
                           )
         Respondent.       )
                           )

## ORDER

Before the Court is a Report and Recommendation of United States Magistrate Judge Charles H. Weigle (Doc. 17) on the Respondent's motion to dismiss (Doc. 12). The Magistrate Judge recommends granting the motion to dismiss because the Petitioner failed to file his habeas petition within the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") and showed no basis for equitable tolling. The Magistrate Judge further recommends denying a certificate of appealability because the Petitioner has not made a substantial showing of the denial of a constitutional right. The Petitioner has filed an objection to the Recommendation. (Doc. 18).

On October 23, 2003, the Petitioner pled guilty in Houston County Superior Court to one count of child molestation and was sentenced to 20 years of probation, with two years to be served in confinement in a probation detention center. *Humphrey v. State*, 301 Ga. App. 877, 878 (2009). On June 22, 2009, the Petitioner moved to terminate the remainder of his probation, arguing that his probation was required to be terminated

after two years pursuant to O.C.G.A. § 17-10-1(a)(2). *Id.* The trial court denied the Petitioner's motion and the Court of Appeals affirmed on December 30, 2009. *Id.* The Court of Appeals disagreed with the Petitioner's interpretation of the statue and held that "*supervision* of probation, not probation itself, terminates after two years unless otherwise extended or reinstated." *Id.* at 879 (emphasis in original). In October 2010, the Petitioner filed a petition for writ of mandamus, and the Georgia Supreme Court affirmed the trial court's dismissal of the petition on September 12, 2011. *Humphrey v. Owens*, 289 Ga. 721 (2011). On October 11, 2011, the Petitioner filed a state habeas petition, which was dismissed on May 4, 2012. (Doc. 14-1 at 5, 54). The Petitioner filed an application for a certificate of probable cause on May 22, 2012, which was denied by the Georgia Supreme Court on January 7, 2013. (Doc. 9-1 at 2). On July 29, 2013, the Petitioner filed his habeas petition pursuant to 28 U.S.C. §§ 2241, 2254.

The Petitioner raises three claims, all of which challenge the conditions of his probation. First, the Petitioner argues the special conditions of his probation, such as therapy classes, polygraph tests, and computer access restrictions, fail to follow O.C.G.A. § 42-8-34.1(a), and thus "are and continue to be in violation of [his] due process rights under the Sixth And Fourteenth Amendments to the United States Constitution." (Doc. 9 at 5). Second, the Petitioner argues the conditions of his probation fail to follow O.C.G.A. § 17-10-1(a)(2) because his probation was not terminated after two years, and thus his probation "continues to violate his constitutional rights to due process and equal protection of the laws under the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. 9 at 7). Finally, the Petitioner argues the Houston County Superior Court issued "a de facto court order that allows

-3-

probation officers to act outside legislative intent in violation of due process and equal protection of the laws to the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. 9 at 8).

The Government moved to dismiss the petition as untimely and for failing to state a claim for habeas relief. (Doc. 12-1). The Magistrate Judge recommends dismissing the petition under § 2244(d)(1)(D), which provides that AEDPA's limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The Magistrate Judge concluded that the Petitioner should have been aware of the factual predicate underlying the petition on November 14, 2005, when he signed a "conditions of probation" form detailing the probation he now challenges. (Docs. 17 at 3; 14-1 at 37-39). Thus, by November 14, 2006, the Petitioner should have either filed his federal petition or tolled the limitation period under § 2244(d)(2). Because the Petitioner did not seek any type of state post-conviction or other collateral review until June 22, 2009, the Magistrate Judge concluded his petition is untimely. The Magistrate Judge further concluded equitable tolling does not apply.

In his objection, the Petitioner (1) argues his petition is timely because he is challenging an "ongoing probation problem"; (2) argues, more specifically, Claim 3 is timely because he did not discover the Houston County Superior Court order until April 25, 2012; (3) argues he is entitled to equitable tolling for the same reason; (4) objects to the Magistrate Judge's reliance on the decision of the Georgia Court of Appeals; (5) argues his right to due process was violated because he was not given notice or a

hearing before his probation was extended; and (6) objects to the Magistrate Judge's denial of a certificate of appealability. (Doc. 18).

"Section 2244(d)(1)(D) runs the [statute-of-limitations] clock from 'the date on which the factual predicate of the claim … could have been discovered through the exercise of due diligence.'" *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014) (citations and internal quotation marks omitted). The due diligence required in this situation "must be determined on a case-by-case basis relative to the factual predicate." *Id.* at 1156. The "factual predicate" has been referenced as the "vital" or "important" facts underlying the petitioner's claim. *Id.* at 1155, 1157. Moreover, "[t]he analysis of 'factual predicate' and 'due diligence' in § 2244(d)(1)(D) is symbiotic. The factual predicate first must be determined to give meaning to due diligence in discovering the claim for a particular petitioner's case." *Id.* at 1155.

In Claim 1, the Petitioner alleges the special conditions of his probation fail to comply with O.C.G.A. § 42-8-34.1(a), and thus violate his constitutional rights under the Sixth and Fourteenth Amendments. The Petitioner signed the probation form assigning him to "Sex Offender Supervision" and requiring him to "abide by the special conditions set forth" on October 23, 2003, and again on November 14, 2005. (Doc. 14-1 at 37-39). The Petitioner knew or should have known of the special conditions when he signed the form. *See Cole*, 768 F.3d at 1156-57. At the latest, the limitation period expired on November 14, 2006, and the Magistrate Judge correctly decided the claim is untimely, assuming *arguendo* the claim is cognizable in federal habeas.[1]

---

[1] "It is clear … that a habeas petition grounded on issues of state law provides no basis for habeas relief." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). Moreover, "where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004).

In Claim 2, the Petitioner alleges his conditions of probation fail to comply with O.C.G.A. 17-10-1(a)(2) because, in his view, "his probation should have been terminated after two years." (Doc. 9 at 7). The Georgia Court of Appeals expressly refused to adopt the Petitioner's interpretation of the statute. *Humphrey*, 301 Ga. App. at 879. Although the Petitioner objects to the Magistrate Judge's reliance on the Georgia Court of Appeals, "[s]tate courts are the ultimate expositors of their own state's laws." *McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992) (citation omitted). Moreover, it is doubtful the Petitioner has stated a cognizable claim. "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Id.* at 535. Assuming *arguendo* the Petitioner has stated a claim, the Magistrate Judge correctly decided it is untimely.

The Petitioner does not object to the Magistrate Judge's finding that he signed the probation form on November 14, 2005. The Government alleges in its motion to dismiss that "[t]his is ostensibly the date on which he began reporting on probation," which "would coincide with his completing the 'serve' portion of his sentence – two years." (Doc. 12-1 at 6). Accordingly, the Government argues the Petitioner "would have been aware that he was still on probation two years later in November 2007 because he still had to report to his probation officer." (Doc. 12-1 at 7-8). The Petitioner did not respond to the Government's allegations or argument. However, in his application for a certificate of probable cause, which he attached to his response to the Government's motion, the Petitioner alleged that "two-years" after his sentencing he

"was taken to a probation office where a probation officer informed him of the general conditions of his probation." (Doc. 15-1 at 16).

Under Georgia law, "[p]robation supervision shall not be required for defendants sentenced to probation while the defendant is in the legal custody of the Department of Corrections or the State Board of Pardons and Paroles." *Humphrey*, 301 Ga. App. at 879 (quoting O.C.G.A. 17-10-1(a)(2)). The Petitioner served the first two years of his sentence in confinement in a probation detention center. *Id.* at 878. At the latest, the Petitioner knew or should have known that he was still on supervised probation on November 14, 2007 – two years after he signed the probation form. Thus, he had one year from November 14, 2007, to file a federal petition or toll the statute of limitations under § 2244(d)(2). He did neither until June 22, 2009. Assuming *arguendo* that Claim 2 is cognizable in federal habeas, it is untimely.

In Claim 3, the Petitioner alleges that a February 5, 2002 Houston County Superior Court Order ("Houston Order") allowed probation officers "to act outside the legislative intent of O.C.G.A. § 17-10-1(a)(2)" and extend his probation without being given notice or a hearing. (Docs. 15-1 at 4; 18 at 3; 18-3 at 2). The Petitioner further argues the Houston Order "is unconstitutional because it targets a specific group of offenders (i.e., sex offenders) for unequal treatment under the statute in direct violation of due process and equal protection." (Doc. 15-1 at 4). The Petitioner claims he did not discover the Houston Order until its existence was disclosed at his state habeas hearing on April 25, 2012. (Doc. 18 at 4).

The limitation period under § 2244(d)(1)(D) does not commence when the factual predicate was *actually* discovered. Rather, time begins to run when the factual

-7-

predicate of a claim could have been discovered through the exercise of due diligence. *Cole*, 768 F.3d at 1157 (citing *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004)). As discussed above, the Petitioner knew or should have known on November 14, 2007 that he was still on supervised probation. At that point, the Petitioner could have discovered through the exercise of due diligence *why* his supervised probation had been extended. Had the Petitioner inquired into the reason for the extended supervision, he could have discovered the factual predicate of his claim – the Houston Order. In fact, during his state habeas hearing, the judge freely informed the Petitioner of the basis for his continued supervised probation. (Doc. 15-1 at 35-36) ("[T]here is a standing order in Houston County that I signed in February of 2002 that – and I'll be glad to provide you with a copy of it – that says basically that for sex offenders … supervised probation will not terminate … so that is the basis for which supervised probation continues at this time."). The Petitioner has failed to discuss what efforts he made to discover the reason his supervised probation was extended. He does not claim that he could not have discovered the Houston Order earlier, nor does he claim that he would have been prevented from doing so had he tried. Other than characterizing the Houston Order as "hidden," the Petitioner does not address whether the factual predicate of his claim could have been discovered through the exercise of due diligence.[2] Assuming *arguendo* that Claim 3 is cognizable in federal habeas, it is untimely.

---

[2] Because the Petitioner was not reasonably diligent in trying to develop the factual record while in state court and has failed to show why he has a right to an evidentiary hearing under 28 U.S.C. § 2254(e)(2), the Petitioner's motion for an evidentiary hearing (Doc. 19) is **DENIED.** *See Issacs v. Head*, 300 F.3d 1232, 1249 (11th Cir. 2002); 28 U.S.C. § 2254(e)(2); Rule 8 of the Rules Governing § 2254 Cases.

Finally, the Magistrate Judge correctly concluded the Petitioner is not entitled to equitable tolling.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Cole*, 768 F.3d at 1157-58 (citation and internal quotation marks omitted).  The Petitioner failed to establish that he exercised diligence and that the Houston Order prevented timely filing.

The Court has thoroughly considered the Petitioner's objections and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.  The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge except as modified by this order.  The Recommendation is **ADOPTED as modified** and made the Order of this Court.  Accordingly, the Respondent's motion to dismiss (Doc. 12) is **GRANTED**, and the petition is **DISMISSED**.  The Petitioner's motion for an evidentiary hearing (Doc. 19) is **DENIED**.  Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Therefore, a certificate of appealability is **DENIED**.  Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 18th day of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT